**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.<br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Uniloc 2017 LLC ("Uniloc"), for its complaint against defendant, Apple Inc. ("Apple"), alleges:

**THE PARTIES**

1.       Uniloc 2017 LLC is a Delaware limited liability company, having addresses at 1209 Orange Street, Wilmington, Delaware 19801; 620 Newport Center Drive, Newport Beach, California 92660; and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2.       Apple is a California corporation, having regular and established places of business at 12535 Riata Vista Circle and 5501 West Parmer Lane, Austin, Texas.

**JURISDICTION**

3.       Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## CLAIM FOR PATENT INFRINGEMENT

4.      Uniloc is the owner, by assignment, of U.S. Patent No. 7,136,999 entitled

METHOD AND SYSTEM FOR ELECTRONIC DEVICE AUTHENTICATION, which issued

on November 14, 2006 ("the '999 Patent").  A copy of the '999 Patent is attached as Exhibit A.

5.      The '999 Patent describes in detail, and claims in various ways, inventions in

providing authentication of devices in mobile, wireless communication.

6.      The '999 Patent describes problems and shortcomings in the then-existing field of

providing security in communications between devices using Bluetooth.  *See*, *e.g.*, Ex. A at 1:54-

59.  The '999 Patent describes and claims novel and inventive technological improvements and

solutions to these problems and shortcomings.

7.      The written description of the '999 Patent describes in technical detail each of the

limitations of the claims, allowing a person of ordinary skill in the art to understand what the

limitations cover and how the combination of claim elements differed markedly from and

improved upon what may have been considered conventional or generic.

8.      Apple uses, offers for sale, sells and imports electronic devices that use Apple's

AirDrop feature to share between such devices photos, videos, contacts, voice memos and

location, including the following: iPhone5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus,

iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone

X, iPhone XR, iPhone XS, iPhone XS Max; iPad (4th, 5th gen.), iPad Mini, iPad Mini 2, iPad

Mini 3, iPad Mini 4, iPad Pro, iPad Air, iPad Air 2, MacBook, MacBook Air (11 inches, 13

inches), MacBook Pro (13 and 15 inches), iMac (21.5 and 27 inches), Mac Mini, Mac Pro; iPod

(5th gen.) and iPod touch (4th, 5th, 6th gen.) (together, "Accused Infringing Device(s)").

9.      The Accused Infringing Devices include Bluetooth and WiFi functionality and use Apple's AirDrop feature to exchange data, such as photos, videos, contacts, voice memos, and location information, between such devices.

10.     When in range of WiFi or Bluetooth, users enable AirDrop by tapping on the AirDrop button on a first Accused Infringing Device (*e.g.*, an iPhone).  When AirDrop is enabled, a 2048-bit RSA identity is stored on the user's first Accused Infringing Device (*e.g.*, an iPhone, iPad, or a MacBook) and an AirDrop identity hash is created based on the email address and phone number associated with the user's Apple ID.

11.     Once AirDrop has been enabled, the first Accused Infringing Device emits an AirDrop advertisement signal over Bluetooth, and a second Accused Infringing Device (e.g., an iPhone, iPad, or MacBook) with AirDrop-enabled that is located within range of the signal responds by sending over Bluetooth a shortened version of its own identity hash.

12.     If the second Accused Infringing Device's shortened identity hash is recognized as a contact by the first Accused Infringing Device, the first Accused Infringing Device creates a peer-to-peer WiFi network (*e.g.*, WiFi Direct) over which the second Accused Infringing Device sends its full identity hash to the first Accused Infringing Device.  If the second Accused Infringing Device's full identity hash is recognized by the first Accused Infringing Device, the second Accused Infringing Device user's identity is displayed on the first Accused Infringing Device share sheet.

13.     To send, for example, a photo to the second Accused Infringing Device, the user taps on the selected photo, the share button, and then the AirDrop button on the first Accused Infringing Device.  The first Accused Infringing Device displays any AirDrop enabled devices

within range that are recognized by the first Accused Infringing Device as a contact (or each such detected device if the contact default is disabled).

14.     Once the second Accused Infringing Device's identity has been confirmed as described above, by tapping on the displayed intended recipient's button on the first Accused Infringing Device the photo is sent over the direct WiFi channel (enabled by Bonjour) to the second Accused Infringing Device.

15.     Apple has infringed and continues to infringe the '999 Patent, including claims 13 and 17, by using, offering for sale, selling, and importing the Accused Infringing Devices.

16.     Apple has also infringed and continues to infringe claims of the '999 Patent, including claims 13 and 17, by actively inducing others to import, use, offer for sale, and sell the Accused Infringing Devices.  Apple's customers who use the AirDrop feature of the Accused Infringing Devices, as described above, in accordance with Apple's instructions infringe claims 13 and 17 of the '999 Patent.  Apple intentionally instructs its customers to use the Accused Infringing Devices in an infringing manner through training videos, demonstrations, brochures, installation, and user guides, such as those located at:

- www.apple.com
- www.apple.com/ipad-pro/
- www.apple.com/ipad-mini-4/ios//
- www.apple.com/safari/
- www.apple.com/imovie/
- www.apple.com/macos/photos/
- https://support.apple.com/en-us/HT203106
- https://support.apple.com/en-us/HT204144

4

- https://support.apple.com/en-us/HT204289

- https://support.apple.com/kb/PH14580

- https://support.apple.com/kb/PH24625

- https://support.apple.com/kb/PH26768

- https://support.apple.com/kb/PH26789

- https://help.apple.com/iphone/12/#/iphb658714b9

- https://help.apple.com/iphone/11/#/iphb658714b9

- https://help.apple.com/iphone/10/#/iphb658714b9

- https://help.apple.com/iphone/9/#/iphf28f17237

- https://help.apple.com/ipad/12/#/iPadf84aaf63

- https://help.apple.com/ipad/11/#/iPadf84aaf63

- https://help.apple.com/ipad/10/#/iPadf84aaf63

- https://help.apple.com/macbook/late-2018/#/apd8dc9cb47a

- https://help.apple.com/macbook/early2018/#/apd8dc9cb47a

- https://help.apple.com/ipod-touch/12/#/iphb658714b9

- https://help.apple.com/ipod-touch/11/#/iphb658714b9

- https://support.apple.com/business/site/docs/iOS_Security_Guide.pdf

- www.youtube.com

- www.youtube.com/watch?v=CVLdVmUiqqU

Apple also induces infringement by failing to remove or distinguish the infringing features of the Accused Infringing Devices.

17.    Apple has also infringed, and continues to infringe, claims 13 and 17 of the '999 Patent by selling, offering for sale, and importing the Accused Infringing Devices, which devices

are used in practicing the processes, or using the systems, of the '999 Patent and constitute a material part of the invention.  Apple knows that portions of the software contained in the Accused Infringing Devices are especially made, or especially adapted, for use in infringement of the '999 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

18.     Apple will have been on notice of the '999 Patent since, at the latest, the service of the complaint upon it in 1:18-cv-00838.  By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claim 1 of the '999 Patent.

19.     Apple may have infringed the '999 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Products.

20.     Uniloc has been damaged by Apple's infringement of the '999 Patent.

## PRAYER FOR RELIEF

 Uniloc requests that the Court enter judgment against Apple:

(A)     declaring that Apple has infringed the '999 Patent;

(B)     awarding Uniloc its damages suffered as a result of Apple's infringement of the '999 Patent;

(C)     awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D)     granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

 Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: November 17, 2018                   Respectfully submitted,

                                          */s/ Aaron S. Jacobs*
                                          Kevin Gannon
                                          Massachusetts State Bar No. 640931
                                          Aaron Jacobs
                                          Massachusetts State Bar No. 677545
                                          **PRINCE LOBEL TYE LLP**
                                          One International Place, Suite 3700
                                          Boston, MA 02110
                                          Tel: (617) 456-8000
                                          Fax: (617) 456-8100
                                          Email: kgannon@princelobel.com
                                          Email: ajacobs@princelobel.com

                                          Edward R. Nelson III
                                          ed@nbafirm.com
                                          Texas State Bar No. 00797142
                                          **NELSON BUMGARDNER ALBRITTON P.C.**
                                          3131 West 7th Street, Suite 300
                                          Fort Worth, TX 76107
                                          Tel: (817) 377-9111

                                          Shawn Latchford
                                          shawn@nbafirm.com
                                          Texas State Bar No. 24066603
                                          **NELSON BUMGARDNER ALBRITTON P.C.**
                                          111 West Tyler Street
                                          Longview, Texas 75601
                                          Tel: (903) 757-8449
                                          Fax: (903) 758-7397

                                          **ATTORNEYS FOR THE PLAINTIFF**